UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECOLOGY, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BERKLEY REGIONAL INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 20-cv-01150-PJH<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED ANSWER**<br><br>Re: Dkt. No. 33 |

Before the court is defendant Berkley Regional Insurance Company's ("defendant") motion for leave to file an amended answer. Dkt. 33. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court **GRANTS** the motion for the following reasons.

## BACKGROUND

This case arises out of an insurance coverage dispute between plaintiff, Recology, Inc. ("plaintiff"), and its insurer, defendant. Plaintiff is a resource recovery company that collects, sorts, and processes waste materials. Dkt. 1 (Notice of Removal) at 9. Plaintiff seeks coverage for over $6 million purportedly lost as a result of alleged kickback schemes between its employees and customers. Id. at 9-10. In its complaint, plaintiff alleges claims for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. Id. at 11-15.

On February 20, 2020, following removal from state court, defendant filed its answer. Dkt. 10 (Ans.). On October 20, 2020, defendant filed an amended answer. Dkt.

31.  On October 28, 2020, in response to an objection by plaintiff for filing the amended answer without leave of court or consent, defendant filed the instant motion for leave to file the subject amended answer.  Dkt. 33.

In its proposed amended answer (Dkt. 33-2 ("Am. Ans.")), defendant seeks to make two sets of changes to its existing answer.  First, defendant seeks to withdraw its admission to plaintiff's allegation at paragraph 19 of the complaint.  Compare Ans. ¶ 19 with Am. Ans. ¶ 19.  In that paragraph, plaintiff alleges that the alleged kickback schemes were "separate occurrences under the policy."  Dkt. 1 at 4.

Second, defendant seeks to add two affirmative defenses based on language in the commercial crime policy at issue.  Both defenses concern the potential scope of covered loss for the events at issue.  Am. Ans. ¶¶ 48-49 (single occurrence loss limit); ¶¶ 50-51 (definition of "occurrence").

## DISCUSSION

### A.   Legal Standard

Under Rule 15, a party generally may amend its pleadings as a matter of course within 21 days of their service.  Fed. R. Civ. Pro. 15(a)(1).  After that, a party may amend its pleadings only if it obtains the opposing party's written consent or leave of court.  Fed. R. Civ. Pro. 15(a)(2).  In the latter scenario, courts "should freely give leave when justice so requires."  Id.

When deciding whether to grant leave, courts consider the following five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).  In the Ninth Circuit, "[n]ot all of the factors merit equal weight," rather "it is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

"The party opposing amendment bears the burden of showing prejudice."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  Absent such showing, or

1  a strong showing under the above remaining factors, "there exists a *presumption* under
2  Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at
3  1052 (emphasis in the original).

**B.   Analysis**

In its opposition, plaintiff argues that the court should deny defendant's motion on grounds of undue delay and unfair prejudice. Dkt. 35 at 2-4.

### 1.   Defendant Unduly Delayed in Requesting the Proposed Amendments

Plaintiff asserts that defendant's waiting eight months before filing this motion constitutes an undue delay. Dkt. 35 at 2-3. To substantiate that assertion, plaintiff points out that (1) defendant has had three years to investigate the loss at issue, (2) nothing about the policy's language has changed since such investigation, and (3) defendant fails to proffer any explanation for withdrawing its prior admission. Id.

In its complaint, plaintiff alleges that it proffered defendant its proof of loss in 2016. Dkt. 1 at 11. According to plaintiff, for the next three years, defendant represented that it had been investigating plaintiff's claims. Id. In its reply, defendant does not dispute the truth of these allegations.

Given the above, the court can infer that, for at least three years before filing its original answer in February 2020, defendant had the opportunity to investigate and determine whether, in fact, the schemes at issue qualified as a "single occurrence" or "separate occurrences." Under such circumstances, the court agrees that defendant's waiting an additional eight months to inexplicably change its position on the relationship between the schemes at issue is, within the meaning of Rule 15, undue delay.

### 2.   Plaintiff Failed to Show That It Would Suffer Prejudice

The prejudice factor is paramount when deciding whether to permit an amendment under Rule 15. Eminence Capital, LLC, 316 F.3d at 1052. To substantiate its position on this factor, plaintiff advances two arguments. First, defendant fails to explain how plaintiff would not suffer prejudice in the event the proposed amendments were permitted. Dkt. 35 at 3. Second, plaintiff would suffer prejudice in such event because the proposed

amendment would require it to litigate the separate or single occurrence issue and its associated defenses. Id. at 3-4.

Plaintiff's first argument is misplaced. As the party opposing the requested amendment, plaintiff—*not* defendant—bears the burden of showing prejudice. DCD Programs, Ltd., 833 F.2d at 187.

Plaintiff's second argument fails to carry that burden. Under the circumstances of this case—where defendant had over three years to investigate the claims at issue and reach a coverage determination on them—the court is sympathetic toward plaintiff's concerns about the additional litigation effort and expenses it would incur if the proposed amendments were permitted. However, at this stage in the litigation, such additional expenditures are insufficiently prejudicial to overcome the presumption in favor of amendment. Critically, aside from exchanging Rule 26(a) disclosures, the parties have not engaged in any discovery. Dkt. 33-1 ¶ 8. Given that procedural fact, the additional expenditures at issue appear to be minimal. Thus, the court concludes that plaintiff failed to show undue prejudice in the event the requested amendments were permitted.

## CONCLUSION

For the above reasons, the court **GRANTS** defendant's motion for leave to file an amended answer. The court **ORDERS** defendant to refile its proposed amended answer (Dkt. 33-2) as a separate docket entry. Defendant must *not* to include any preexisting blue ECF header on its refiled amended answer (as it did with Docket 33-2). Of course, leaving preexisting stamps on a newly filed document is confusing.[1]

**IT IS SO ORDERED.**

---

[1] The court understands that defendant contacted its courtroom deputy concerning the meaning of its June 1, 2020 case management order's "Last Day to Amend Pleadings" deadline. That deadline does not permit the parties to amend their pleadings as a matter of right prior to its passing. Rule 15's interest of justice standard controls requested amendments *prior* to that date. Both Rule 15's standard and Rule 16's good cause standard control requested amendments *after* that date.

4

Dated: December 21, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge