UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECOLOGY, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>BERKLEY REGIONAL INSURANCE COMPANY,<br><br>        Defendant. | Case No. 20-cv-01150-PJH<br><br>**ORDER DENYING MOTIONS TO COMPEL DISCOVERY RESPONSES**<br><br>Re: Dkt. Nos. 43, 44 |

Before the court is defendant Berkley Regional Insurance Company's ("defendant") motion to compel answers to interrogatories (Dkt. 43) and motion to compel production of documents (Dkt. 44). The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court **DENIES** both motions.

## BACKGROUND

This case is an insurance coverage action filed by plaintiff, Recology, Inc. ("plaintiff"), against its insurer, defendant. Plaintiff is a resource recovery company that disposes of waste. Dkt. 1 (Notice of Removal) at 9. Plaintiff seeks coverage for loss purportedly suffered as a result of its former employees' engaging in kickback schemes with customers. Id. at 9-10.

The instant motions are straightforward discovery disputes. On October 27, 2020, defendant served plaintiff with its first set of requests for interrogatory responses (the "interrogatory requests") and first set of requests for production of documents (the "document requests"). Dkt. 45 ¶¶ 4-5. The interrogatory requests comprise 17

interrogatories. Dkt. 45-1. Many interrogatories have subpart questions. Id. The document requests call for 66 categories of documents. Dkt. 45-2. Both sets of requests relate to a range of issues in this action, including the underlying kickback schemes, plaintiff's purported loss, and plaintiff's coverage position. Dkt. 45-1; Dkt. 45-2.

On January 7, 2021, after receiving multiple extensions, plaintiff served its objections and responses to both sets of requests. Dkt. 45 ¶¶ 6-8. Plaintiff objects to the interrogatory requests on several grounds. Dkt. 45-5. In relevant part, such grounds include the following: (1) the number of interrogatories propounded exceeds Rule 33(a)(1)'s 25-interrogatory limit; (2) under Rule 33(d), plaintiff need not provide responses to certain interrogatories because defendant may determine the answer to its question by examining documents that plaintiff has already produced (namely, its proofs of loss); and (3) the subject requests call for information that seek expert opinion or is protected by some "right to privacy." Id. In relevant part, plaintiff objects to the document requests on the following two grounds: (1) they call for privileged or private information; and (2) they are disproportionate to the needs of this case. Dkt. 45-6.

Since plaintiff served its objections and responses, the parties have exchanged three meet and confer letters and engaged in a single telephone call. On February 3, 2021, defendant sent its first meet and confer letter. Dkt. 45-7. In it, defendant asserts that (1) plaintiff's objections to both sets of requests lack the requisite specificity and (2) plaintiff has failed to timely produce responsive documents and a privilege log. Id. Defendant's six-paragraph letter does not take issue with any other aspect of plaintiff's objections or responses.

On February 23, 2021, the parties had their phone call. Dkt. 45 ¶ 10. According to defendant, the parties discussed "the deficiencies of [plaintiff's] boilerplate objections, insufficient and improper interrogatory responses, lack of document production, its improper privilege claims, and its failure to provide a privilege log were all discussed." Dkt. 51-1 ¶ 12.

Plaintiff, however, suggests that the parties discussed only those issues "raised in

2

defendant's letter." Dkt. 47 at 4.  Plaintiff adds that defendant was not prepared to discuss plaintiff's Rule 33 objections, expert opinion objections, or privacy-related objections.  Dkt. 47 at 5; Dkt. 48 at 4.  Counsel for defendant fails to specifically contest either characterization of this call in his reply declaration.  See Dkt. 51-1 ¶ 12.

On February 26, 2021, defendant sent plaintiff its second letter.  Dkt. 45-8.  In relevant part, defendant challenges both plaintiff's objections premised on Rule 33.  Id. at 4.  Defendant also maintains that plaintiff's responses to its document request are improperly "boilerplate" and "general."  Id. at 5.

On March 12, 2021, plaintiff sent defendant a letter in response.  Dkt. 45-9.  In it, plaintiff states that the February 26, 2021 letter raises "a number of new issues with [plaintiff's] interrogatory responses that were not raised during [the February 23] call."  Id. at 2.  According to plaintiff, those "new issues" include the propriety of plaintiff's Rule 33(a)(1) and Rule 33(d) objections.  Id. at 2-3.  Plaintiff also points out that defendant's February 26 letter "neglects to address [plaintiff's] objection to each interrogatory based on the investigatory privilege."  Id. at 3.  According to plaintiff, the Solano County District Attorney's Office is conducting an ongoing investigation into the underlying kickback schemes and plaintiff does not believe it has the authority to waive that privilege.  Id.

With respect to the document requests, plaintiff reiterates its burden objection and notes that defendant still fails to justify the costs that responding to such requests would impose on plaintiff.   Dkt. 45-9 at 3.  Plaintiff separately points out that the parties still needed to enter and file a protective order with the court.  Id. at 3-4.

Between March 12 and April 8, 2021, the parties did not engage in any further discussion concerning the discovery at issue.  Dkt. 49 ¶ 4.  On April 8, 2021, defendant sent plaintiff an email stating its belief that plaintiff was engaged in delay tactics.  Dkt. 47 at 5-6.  Six minutes later, defendant filed the instant motions to compel.  Dkt. 49 ¶ 4.  In its motions, defendant request an order requiring plaintiff to provide complete answers and all non-privilege documents in response to the outstanding requests.  Dkt. 43 at 7, 30; Dkt. 44 at 30.

**DISCUSSION**

Under Rule 37, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Pro. 37(a)(1). Pursuant to Local Rule 37-1, the court will entertain a discovery motion only if the parties have previously met and conferred for the purpose of resolving all dispute issues. Cisco Sys., Inc. v. Chung, 2020 WL 7495085, at *3 (N.D. Cal. Dec. 21, 2020), reconsideration denied, 2021 WL 981048 (N.D. Cal. Mar. 16, 2021).

The court finds that the parties failed to satisfy Rule 37's meet and confer requirement before defendant filed the instant motions. Critically, it appears that the parties limited their February 23 telephone call to the issues raised in defendant's February 3 letter. Compare Dkt. 47 at 4-5; Dkt. 48 at 4; Dkt. 45-9 with Dkt. 51-1 ¶ 12. As noted above, in its first letter, defendant failed to address either of plaintiff's Rule 33 objections. Thus, the parties have not attempted to orally resolve at least two important disputed questions. It also appears that the parties have not meaningfully attempted to orally resolve plaintiff's investigatory privilege, privacy, expert opinion, or undue burden objections as they relate to either set of requests. Given the above, the court concludes that defendant's motions are premature and denies them on that basis.

**CONCLUSION**

For the above reasons, the court **DENIES** the motion to compel answers to the interrogatory requests and **DENIES** the motion to compel production of documents.

The court directs the parties to further meet and confer, including by zoom, before renewing any request to compel discovery. The parties must do so promptly, in good-faith, and with an eye toward resolving *all* disputes without court intervention. If the parties remain unable to resolve their issues themselves, defendant may renew its motions to compel by working with plaintiff to file a joint discovery dispute letter. In it, the parties must provide a joint description of each discovery issue (not necessarily

1  organized by per discovery request), their respective positions on each issue, and their
2  respective proposed resolutions per issue.  The letter may not exceed **five pages**.  The
3  parties must also comply with any other requirement set forth in this court's recent
4  standing order governing discovery disputes.

5      Finally, the court is in receipt of the parties' recently filed proposed stipulated
6  protective order.  Dkt. 50.  The court will enter that order.  Following such entry, the
7  parties should produce the documents that they have respectively agreed to produce.
8  Once those productions are complete and the parties have had the opportunity to review
9  them, the parties should further meet and confer about any outstanding issues pertaining
10  to defendant's outstanding document requests.

11  **IT IS SO ORDERED.**

12  Dated: May 12, 2021

13                                                      /s/ Phyllis J. Hamilton
14                                                      PHYLLIS J. HAMILTON
                                                    United States District Judge

15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California